Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sheila Finnegan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 049 | **DATE** | 5/3/2011 |
| **CASE TITLE** | Roland F Demarco vs. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, Defendant's Amended Rule 59(e) Motion to Alter or Amend Judgment [31] is denied.

■[ For further details see text below.]

Mailed notice.

## STATEMENT

Defendant argues that the ALJ's errors identified in this Court's March 17, 2011 opinion were harmless because it "does not seem reasonably possible" that those errors could have affected the ALJ's analysis and decision. (Doc. 31, at 2). One such error was that the ALJ wholly misstated the VE's opinion regarding the existence of other jobs available to Plaintiff. Specifically, the ALJ stated in his decision that "the vocational expert testified that even if [Plaintiff's] testimony were credible, jobs could still be identified that an individual having those limitations and claimant's vocational factors could perform." ®. 357). In fact, the VE testified: "Totally crediting the testimony, especially in regards to the effects of medication, and its effect on his being sleepy and not functioning... no positions would be possible." ®. 436). While it is certainly possible that the ALJ would have reached the same decision had he understood the VE's opinion, the Court is unwilling to presume that this is so given the fundamental nature of the error. *See, e.g., Bush v. Astrue*, 571 F. Supp. 2d 866, 878 (N.D. Ill. 2008) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)) ("[R]egardless [of] whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ.")

It is also worth noting that Defendant never advanced the harmless error argument in his brief in opposition to Plaintiff's motion for summary judgment despite the fact that Plaintiff highlighted the error in his motion and sought reversal based on it. Instead, Defendant's opposition brief inexplicably ignored the error entirely. "A Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to ... advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (citing *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)). Defendant's Rule 59(e) motion is silent as to why he waited until after entry of the judgment to advance the harmless error argument with respect to this obvious and fundamental error by the ALJ.

| STATEMENT |
|---|

Moreover, the Court also remanded the case because the ALJ erred in his credibility analysis when he relied on a mischaracterization of Plaintiff's testimony about the reasons for closing the engine repair business. (Doc. 25, at 47). Defendant is correct that the Court upheld the ALJ's credibility analysis in many other respects so a remand would not have been necessary had this been the only error. However, in the process of examining the ALJ's credibility analysis, this Court identified a number of apparent gaps and inconsistencies in the record, particularly in regard to medications that Plaintiff may have been taking prior to beginning treatment with Dr. Manual P. Blas. As a result, this Court felt that, on remand, the parties should address these factual issues. (*See id.*, at: 10, n.4; 12, n.5; 38, n.10; 43; 45, n.14; 49-50).

For all these reasons, the Court denies Defendant's Rule 59(e) motion to alter or amend the judgment.